LE BLANC *vs.* BARAS'S HEIRS.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST MARTIN.

Parole evidence is *inadmissible* to show that all the formalities of a nuncu-
     pative will by *authentic* act, have been fulfilled.  It must make full
     proof on its face.

Where there are but *three* witnesses to a will by authentic act, express
     mention must be made in the will, that they *reside* in the place where the
     will is executed.

The formalities required to be pursued in a will by *authentic act*, express
     mention must be made in the will itself of their fulfilment, on pain of
     nullity of the entire instrument.

The plaintiff, who is the widow of Julien Baras, deceased, presented his last will and testament for probate ; and prayed that she be put in possession of all his estate, as instituted heir, according to the provisions of said will.

The heirs at law, of the deceased, intervened and made opposition to the probate of the will, and to its being ordered to be executed ; alleging its nullity on various grounds.

1. It does not make express mention of the residence of the witnesses.

2. There is no express mention, in the will, that it was read to the testator in presence of the witnesses ; that in fact it was not so read as the law requires.

3. The will does not show that all the legal formalities were fulfilled at one time, without interruption and turning aside to other acts.

4. That said will is informal, and does not contain any of the requisites of law.   They pray that it be declared null and set aside, and that the plaintiff pay costs.

The following clause in the will, is the one upon which the whole case turns :

" *Pardevant Antoine Bruno, notaire public dans et pour la paroisse St. Martin, soussigné et en presence des sieurs John H. Thomas, Charles Fagot et Therence Boutté, tous trois temoins requis en conformité de le loi est comparu Mr. Julien Baras, habitant cultivatéur et proprietaire domicilié en cette paroisse.*"

On the trial, the plaintiff offered parole evidence to prove that the three witnesses to the will, all resided in the parish or place of the testator's domicil, which was objected to, and excluded by the court.

There was judgment sustaining the will, and the defendants appealed.

*Morse*, for the plaintiff.

*Voorhies*, for defendant.

*Morphy, J.* delivered the opinion of the court.

Marie Le Blanc, widow of Julien Baras, having presented, for probate, the last will and testament of her late husband,

the heirs at law, of the deceased, opposed the recording and execution of said will, and prayed that it should be set aside and annulled, on the following grounds, to wit :

That the said testament does not contain any express mention of the residence of the witnesses, in whose presence it appears to have been received.

2. That it has not been read to the testator in presence of the witnesses, as there is no express mention of the fact.

3. That the will does not show that all the legal formalities were fulfilled at one time, without interruption, and without turning aside to other acts.

The opinion, which we feel ourselves constrained to express on the first ground of nullity, urged by the heirs of the deceased, will make it unnecessary to examine the two others.

Parole evidence is *inadmissible* to show that all the formalities of a nuncupative will by *authentic* act, have been fulfilled. It must make full proof on its face.

A nuncupative will by public act, makes full proof of itself. *Louisiana Code, article* 1640. It must, therefore, bear on its face the evidence that all the formalities required by law for its validity, have been thereby complied with, and the fulfilment of those formalities, when not apparent from the instrument itself, cannot be established by testimony. If it could, the will would no longer be an authentic act.

The *Louisiana Code, article* 1571, provides that " the nuncupative testaments by public act, must be received by a notary public, in presence of three witnesses, *residing in* the place where the will is executed, or of five witnesses, *not residing* in the place.

" This testament must be dictated by the testator, and written by the notary as dictated.

"It must then be read to the testator, *in presence* of the witnesses. Express mention is made of the whole, observing that all these formalities must be fulfilled at one time, without interruption, and without turning aside to other acts."

*Article* 1588, says, " the formalities to which testaments are subject by the provisions of the present section, must be observed ; otherwise the testaments are null and void."

This will, in its caption, states " *en presence des sieurs John H. Thomas, Charles Fagot et Therence Boutté, tous trois temoins requis en conformité de la loi est comparu,*" &c. It does not

appear from this passage, or any other in the instrument be-
fore us, that the requirement of the law, in relative to *the resi-*
*dence* of these witnesses, has been complied with. The pro-
bate judge, when called upon to order the execution of this
will, had no evidence to satisfy him, that all those things
which are required, to give validity to the will, had been done.
The residence of the witnesses not being *mentioned*, it did not
appear, from the will, that it had been received in presence
of a sufficient number of witnesses. It has been contended, Where there
that from the words, " *en conformité de la loi*," the inference nesses to a will
might be drawn, that the witnesses were such as the law by *authentic* act,
requires. Such an inference, if admitted to supply the must be made in
mention of this fact, might be extended to every one of the they *reside* in the
formalities prescribed. Their absolute omission, might with place where the
as much reason, be said to be supplied by an assertion of the
notary, that he executed the will according to law. The The formali-
Code not only requires these formalities to be pursued, but be pursued in a
provides that express mention of their fulfilment must be will by *authentic*
made in the will itself, when executed before a notary pub- mention must be
lic. It is on a strict compliance alone with these formalities, made in the will
that the law is willing to recognize the testament as legal, fulfilment,　on
and to suffer the established order of succession to yield to of the entire in-
the will of the testator. When a case of this kind arises, strument.
courts of justice can do nothing else, but inquire whether they
have been pursued. The objection taken by the heirs at law,
in this respect, appears to us fatal.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the court below, homologating the last will of
Julien Baras, and ordering its execution be reversed ; and
that the said last will, be set aside and annulled, the appellee
paying the costs in both courts.