Simon, J.*
This is an appeal from a judgment, ordering the last will or testament of Constance Etié, deceased, to be executed and *36 recorded according to law. Said judgment was rendered contradictorily with the legal heirs of the testatrix, on their opposition to the granting of the prayer of D. C. Sparks’ petition, who, as universal legatee or instituted heir of his deceased wife, had made application to the Court of Probates for an order to carry the said will into execution according to the dispositions therein set forth.
Among the divers grounds upon which the appellant’s opposition is based, there is one which, in our opinion, must prevail. It is, that the will does not show on its face that it was read to the testatrix in presence of the witnesses, as no mention is made of the same in any part of the testament.
The instrument which was presented to the court, a qua, as being the last will of the deceased, was made in the form of a nuncu-pative testament by public act. The notary who received it, closed it in the following words: “ C’ést ainsi que la dite com-parante iestatrice a dicté ses derniéres volontés, étant dans son bon sens, en presence de Sy Ivor in Salles, Joshua Baker, et William Knight, tons trois de l’age de majorité et domicilies dans cette paroisse, écrit de suite par moi, le ditjuge, sans interruption et sans divertir a d’autres actes. Alors j’ai lu le dit acte a la dite testatrice, qui a declaré qu’elle le comprenoit, et qidelle Vapprouvoit dans tout son contenu. Dont acte fait et passé, &c.* The will was signed by the testatrix’s making her ordinary mark, and by the three witnesses therein named.
It is one of the essential requisites of the law with regard to the form of a nuncupative testament by public act, that it should be read to the testator in presence of the witnesses, and that express mention should be made therein of the manner in which *37 the formalities, upon which its validity depends, have been fulfilled. Civ. Code, art. 1571. Those formalities must be observed, and the non-compliance with any one of them, is sufficient to invalidate it. Civ. Code, art. 1588. Now, can it be even inferred from the declaration of the notary here, that the will of Mrs. Sparks was read to her in presence of the three witnesses who attended its execution 1 The notary declares, that it was dictated to him, in the presence of the witnesses ; that it was written by himself, without interruption, and without turning aside to other acts ; but he only states that he read the act to the testatrix, who declared that she understood it, and approved it in all its contents. This is clearly insufficient. He should have made express mention of the fact that the testament was read to the testatrix in presence of the witnesses ; as, although such fact may exist, and it might be in the power of the party to establish it by parol testimony, it is a well settled doctrine, that a testament must bear on its face the evidence of a strict compliance with the legal formalities, and that no parol proof can be admitted to show that such formalities, not apparent from the instrument itself, have been really fulfilled. Lablanc v. Barrors’ Heirs, 16 La. 80.
The fact that a nuncupative will, by public act, was read to the testatrix in the presence of the necessary witnesses, must appear from the instrument itself. The words in which the statement is made, are immaterial, provided they be such as to leave no doubt that the formality was complied with.
iSplane, for the universal legatee.
T. H. Lewis and Voorhies, for the appellants. Splane, for a re-hearing.
*37 We conclude, therefore, that the testament under consideration, is not in a sufficient legal form, to have effect as a nuncupative will by public act, and that the Judge, a quo, erred in ordering it to be carried into execution as such.
It is, therefore, ordered and decreed, that the judgment of the Court of Probates be annulled, and reversed; that the appellants’ opposition be maintained ; and that the will of Constance Etié, deceased, be and the same is hereby declared null and void as one by public act, with costs in both courts.

 This case was decided on a re-hearing, at Opelousas, in September, 1842. The original opinion pronounced on the first hearing of the case, prepared fay Garland, J., was lost in the clerk’s office, of the Supreme Court of Opelousas ; and the publication of the case has been delayed in the hope of obtaining either the original or a copy ; hut it appears that the opinion was never recorded in the office of the clerk *36 of the Supreme Court, nor was any copy of it ever sent to the court of the first instance. The record was placed by the reporter, in the hands of Judge Garland for the purpose of preparing such a sketch of the original opinion, as would be necessary to explain that pronounced on the re-hearing. The record remained in his hands more than two years; but the reporter was never able to obtain any such sketch. After Judge G. left the bench, Simon, J., by whom the opinion on the rehearing was delivered, prepared the paper which is here published.

 En presence des iémoins susdits qui ont signé ces presentes, anee la dite testa-trice, fyc.