## No. 1485.—SUCCESSION OF CLEMENT WILKIN.

A nuncupative will by public act must bear upon its face the evidence that all the formalities required by law for its validity have been observed by the notary in drawing the testament.

A nuncupative will by public act is null, if it does not appear on its face that the witnesses were present at the time the Testator was dictating it to the notary, and also when the notary read the instrument as written down by him, to the testator.

APPEAL from the Second Judicial District Court, parish of Jefferson, *A. Cazabat*, J. *Lacey and Marks*, for plaintiffs. *T. L. Lemley*, for defendants.

HOWE, J. This is an action to annul the will of the late Clement Wilkin. From a judgment maintaining the will, the heirs at law prosecute this appeal.

The instrument in question is a nuncupative will by public act, and is in the following words (the dispositions, which it is unnecessary to consider in this case, being omitted):

STATE OF LOUISIANA—PARISH OF JEFFERSON.

Be it known, that I, PLINY EARL DAVIS, a notary public in and for the parish of Jefferson, on the fifth of March, 1865, repaired to the house of Clement Wilkin, an inhabitant of said parish of Jefferson and State of Louisiana, where, at his request and at his dictation, the following instrument was written by me, said notary, and declared by said Clement Wilkin to be his last will and testament.

      \*     \*     \*   \*   \*     \*     \*       \*

In testimony whereof, the said Clement Wilkin has signed his name hereunto, in the presence of Christian Mehle, Jordan Thomas Aycock and James P. Thompson, lawful witnesses, residing in this parish; and me, the said notary, after having read the same in an audible voice in the presence of the testator and the said witnesses, without interruption and without turning aside to other acts. This the fifth day of March, 1865. The testator being weak, his signature appears irregular.

Original signed:                  CLEMENT WILKIN.

Witnesses: CHRISTIAN MEHLE, J. T. AYCOCK, J. P. THOMPSON.

                · P. E. DAVIS, Notary Public.

Various grounds of nullity are urged, but in the view we have taken of the case it is necessary to consider only the following:

"It does not appear that the will was dictated by the testator, received by the notary, and by the latter written down in the presence of the witnesses."

It is well settled that, since a nuncupative will by public act makes full proof of itself, it must bear upon its face the evidence that all the

formalities required by law for its validity have been complied with, inasmuch as the fulfillment of those formalities, when not apparent from the instrument itself, cannot be established by evidence *aliundé.* C. C. 1640 ; 16 La. 82.

The law details these formalities.

The article 1571 of the Code declares that—

" The nuncupative testament by public act must be received by a notary public in the presence of three witnesses residing in the place where the will is executed, or of five witnesses not residing in the place."

" The testament must be dictated by the testator, and written by the notary as it is dictated."

" It must then be read to the testator in the presence of the witnesses."

" Express mention is made of the whole, observing that all those formalities must be fulfilled at one time without interruption, and without turning aside to other acts."

What, then, is to be received by the notary? The law answers the question ; the testament—not as already written, for the notary is to write it himself, but from the lips of the testator; the testator dictating his desires, and the notary writing what is so dictated in the presence of the witnesses required by law. And, as the will must afterwards be read to the testator in the presence of the same witnesses, at the same interview, the law has provided a double safeguard against both honest mistake and dishonest practice. 12 La. 114.   8 An. 469.

Express mention must then be made of the whole, that it may appear by authentic evidence that the commands of the legislator have been obeyed. On no other conditions will the law recognize the testament as legal, and suffer the established order of succession to yield to the desires of the testator.

It is plain that in the testament we are now considering there is no express mention that the witnesses were present at that important portion of the reception of the testament by the notary, which consists of the dictation and writing down. So far as the document informs us, one of the witnesses, as in the case of *Langley,* 12 La. 117, might have been absent during a part of the interview, or as in the case of Alloway *v.* Babineau, 8 An. 469, might have gone about town attending to his business during the process of dictation. None of the witnesses may have been present at all until the time when their presence is first indicated in the testament itself, namely, when the will was read aloud and signed. It is not for those who oppose the will to show that the witnesses were absent at some important moment; it is for the testament itself to show that they were present from first to last.

In Christene *v.* Verbois, 11 An. 108, a will apparently identical in form with the one in this case was annulled for the same reason now urged by the appellants. In Devoll *v.* Palms, 20 An. 203, a similar decision was made upon a testament of which the formal parts were, *verbatim,* those of the testament in this case. Each case was in affirmance

of the opinion of the District Judge. We consider the question settled, and settled correctly.

It is urged by appellees that the decisions cited are in conflict with the cases of Pizerot *v.* Meuillon, 3 M. 144, Stafford *v.* Stafford, 12 L. 442, Nelder *v.* McCarty, 7 An. 485, and Lawson *v.* Lawson, 12 An. 604.

In Stafford *v.* Stafford the question now involved was not passed upon by the court.

In Nelder *v.* McCarty the language of the will expressed that the witnesses were present at the dictation and writing down, and there is no reason to say that the decision did not proceed upon the supposition that such mention was absolutely required. In Lawson *v.* Lawson, a case not entirely in point, the certificate of the notary was construed by two members of the court, at least, to show that all the formalities were " done " in the presence of the witnesses, and upon this mention together with an alleged defect in pleading they relied for maintaining the will. In Pizerot *v.* Meuillen there seems to have been other considerations which were urgent in maintaining the will; but if that case, and the case of Lawson, go to the extent claimed by the appellees, they must be deemed to have been overruled.

We do not consider that the phrase " express mention " requires the use of any sacramental formula, but it certainly requires the use of some words which will make authentic proof that all the legal formalities have been fulfilled. There are no such words in the testament before us to prove that the witnesses were present before it was read aloud to the testator.

It is therefore ordered that the judgment appealed from be reversed; and, proceeding to render such judgment as ought to have been rendered by the court below, it is further ordered and decreed that the last will and testament of Clement Wilkin, deceased, be and the same is hereby declared null and void, and that the probate thereof be set aside, the costs in both courts to be borne by the estate.

Rehearing refused.

Mr. Justice Howell recused.