## No. 5176.

### MARTIN & REGGET RONGGER *v.* KATHERINE KISSINGER.

Where it was urged, in contesting the validity of a will, that there is a distinction between domicile and residence, and the statement that the witnesses are domiciliated in this city, is not a compliance with the law which says, "witnesses residing in the place;"

Held—That this court is satisfied, that the notary used the word *domiciliated* as synonimous with *residing*, as it is, and without any conciousness of the legal distinction invoked by counsel.

In this instance an examination of the extracts of the will recited in the judgment, makes it manifest that, although said will is not artistically drawn, yet that the formalities mentioned in articles 1578, 1579 and 1580, R. C. C., are observed. There are no sacramental words prescribed by law.

If words are used which, taken all together, show that the notary did all that the law makes essential, the will is good as to form, although the notary may be confused in his manner of expressing himself. The object of the law is to have it appear from the will itself, that the prescribed formalities have been observed.

The statement that the witnesses were present and within hearing of the testator, all the time in which the will was written, taken in connection with the other statements, that it was written according to his dictation, (the testator's) and that all was done without interruption, *at one time*, must mean that the dictation, as well as the writing, was done in the presence of the witnesses.

It would have been more clear and accurate if the notary had used the words: "*as dictated*" instead of "*according to his dictation;*" but the latter expression, as used in this instance, means what the other does.

To adopt the construction contended for by counsel, would be refining a little more than the law does, and prescribing a fixed formula to be used by notaries, who all have their peculiar mode of expression.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J. *Livaudais & Louque,* for plaintiffs and appellees. *Cotton & Levy,* for defendant and appellant.

HOWELL, J. The defendant has appealed from a judgment annulling the nuncupative will by public act of Christian Rongger on grounds of informality. The will reads: "I, the notary, at the request of Philip Lorch, of this city, did repair to the residence of Christian Rongger, at the corner of Henry Clay avenue and Levee streets, in this city, where I found the said Christian Rongger sick in bed, of sound mind and memory, as he appeared to me, notary, and the three witnesses named and undersigned. Whereupon the said Christian Rongger did declare and dictate to me, notary, his last will and testament, and I did write down the same in mine own handwriting according to his said

dictation, which is as follows." Here follow the dispositions, and the will concludes: "And I, the said notary, having read aloud all the foregoing to said testator in the presence of Jacob Hoffner, William Henry Hornens and Hannon Rolle, competent witnesses of lawful age and domiciliated in this city, said witnesses having been present and within hearing of said testator during all the time in which the foregoing last will and testament was written; and having written the foregoing last will and testament without interruption at one time, and having fulfilled all the formalities of law, without turning aside to other acts, he, the said testator, did again declare in presence of said three witnesses the foregoing to be his only true last will and testament, written according to his said dictation."

The grounds of informality are:

*First*—The will was not received by the notary in presence of three competent witnesses residing in the place where the will was executed.

*Second*—The same was not dictated by the testator to the notary in presence of the witnesses, nor written by the notary as dictated.

*Third*—All legal formalities requisite for the validity of the will were not fulfilled at one time without interruption, and without turning aside to other acts.

I. It is urged that there is a distinction between domicile and residence, and the statement that the witnesses were domiciliated in this city is not a compliance with the law, which says "witnesses residing in the place."

We are satisfied the notary used the word domiciliated as synonimous with residing, as it is, and without any consciousness of the legal distinction invoked by counsel.

II. and III. The essential formalities are, the will must be received by the notary in presence of three witnesses residing in the place or five not residing there; it must be dictated by the testator and written by the notary as it is dictated; it must be read to the testator in presence of the witnesses; express mention is made of the whole, observing that all those formalities must be fulfilled at one time without interruption, and without turning aside to other acts; it must be signed by the testator, or mention made of the reason of his not doing so, and by the witnesses or one for all. R. C. C. 1578, 1579, 1580.

The above extracts from the will, although not very artistic, make it manifest, we think, that those formalities were observed. There are no sacramental words prescribed by law. If words are used which taken all together show that the notary did all that the law makes essential, the will is good as to form, although the notary may be confused in his manner of expressing himself. The object of the law is to have it appear from the will itself that the prescribed formalities

have been observed. In this instance we think a fair and legitimate construction of what the notary has stated, makes it appear that the will was received by him in presence of three competent witnesses; that it was dictated by the testator and written by the notary, while it was being dictated, in presence of the witnesses and read to the testator in their presence, and that all was done at one time, without interruption and turning aside to other acts, thus meeting the objections of plaintiffs. The statement that the witnesses were present and in hearing of the testator all the time in which the will was written, taken in connection with the other statements that it was written according to his (the testator's) dictation, and that all was done without interruption at one time, must mean that the dictation, as well as the writing, was done in the presence of the witnesses.

It would have been more clear and accurate if the notary had used the words "as dictated," instead of "according to his dictation;" but the latter expression, as used in this instance, means what the other does. To adopt the construction contended for would be refining a little more than the law does, and prescribing a fixed formula to be used by notaries, who all have their peculiar mode of expression.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of the defendant with costs.

MORGAN, J., *dissenting.* The rules regulating the *confection* of wills are simple, but they are, in my opinion, inexorable. Nullity is the result of their violation. In this case I do not find that the will in question was dictated in the presence of the witnesses. This I think indispensable, and I therefore dissent from the opinion of the majority.

LUDELING, C. J., *dissenting.* I concur in this opinion.