## No. 9481.

### SUCCESSION OF LOUISA DORRIES.

A nuncupative will by public act which does not contain express mention that it was written by the notary, is a nullity. The omission to so declare is fatal, as it cannot be supplied by testimony *aliunde*.

The law imperiously exacts not only that the prescribed formalities be observed, but also that an explicit recital be made that they have been fulfilled; and this under pain of nullity of the act

---

Succession of Dorries.

---

A PPEAL from the Civil District Court for the Parish of Orleans. *Tissot, J.*

*J. R. Beckwith* and *H. E. Upton* for Appellant:

If an examination of the whole will will show that it was read to the testator in the presence ence of the witnesses, it is immaterial in what words the idea is conveyed. 1 N. S. 73; 3 N. S. 368.

It suffices if, from the whole instrument, it can be inferred that the witnesses were present. 26 Ann. 338; 12 Ann. 604.

When the will states that "the testatrix declared and dictated it to the notary, and that it was made and signed by her and the witnesses after it was read," it may be fairly inferred that the witnesses and notary were all present during the dictation and execution. Pizerot et al. vs. Meiullon's Heirs, 3 M. 114.

*Braughn, Buck, Dinkelspiel & Hart* for Appellees:

It is a fatal objection to a will offered as an authentic nuncupative one, that no mention is made of its having been written by the notary. 6 New Series. 263

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The will of the deceased, which is in the nuncupative form by public act, is attacked on various grounds, one of which is that it does not contain the formal declaration that it was *written* by the notary.

We have carefully scanned the instrument and weighed each and every word used in the *procés verbal* of the notary, whether in the caption or in the closing part, and have failed to find any from which it can be even inferred that the will was *written* by that officer.

The law, in mandatory terms, imperiously requires that express mention be made, not only that the will was dictated by the testator and read to him, but also that it was *written* by the notary; and this under pain of nullity.

The omission to recite explicitly strict compliance with the requirements of the law is fatal, as it cannot be supplied by testimony *aliunde*. R. C. C. 1578, 1595; see 3 M. 167; 6 N. S. 263; 12 L. 114; 8 A. 469; 15 L. 28; 1 R. 48; 11 Ann. 108; 16 L. 82; 20 Ann. 203; 21 Ann. 115; 35 Ann, 480.

In the Lawson case, 12 Ann. 604, in which the will had been attacked because it did not set forth that it had been *written* by the notary, in the presence of the witnesses, the instrument contained express mention that the notary had *written it in his own proper hand*. What the Court held is: that it was fairly deducible from the tenor of the instrument that the witnesses were present while it was being prepared.

The other authorities referred to do not apply to a case of writing by the notary.

In the present case, the word *written*, or its equivalent, is essentially lacking.

The will is a nullity.

Judgment affirmed.