## No. 12,567.

### SUCCESSION OF ESTEVE MARQUEZE.

1. The statement in the certificate to nuncupative will by public act, "Before me, C. R., a notary public for the parish of Orleans and city of New Orleans," without "duly commissioned or sworn," or other addition, is sufficient to express the official character of the notary.

2. The law does not exact the use of the very words of the Code by the notary in the express mention required of him that the requisites of the will in nuncupative form by public act have been fulfilled. Hence, to describe the witnesses as all of this "city," following "C. R., a notary public for the city of New Orleans," is equivalent to stating the witnesses to be residents of New Orleans; and meets the requirements of the statement in the certificate of their residence. Civil Code, Art. 1578; C. N., Art. 978; 16 La. 81; 40 An. 597; 2 Mourlon, p. 400; 2 Baudry-Lacantinerie, p. 378; 16 Dalloz Repertoire, p. 818, par. 2835, p. 916, par. 3144; 3 Troplong, p. 118.

3. The law does not require the mention in the will that the witnesses are not disqualified. C. C., Art. 1591.

APPEAL from the Civil District Court for the ِParish of Orleans. *King, J.*

*Theo. Cotonio* for Plaintiffs and Intervenors, Appellants.

---

*Charles J. Théard* for Defendants, Appellees.

---

Argued and submitted November 18, 1897.
Opinion handed down November 29, 1897.
Rehearing refused February 7, 1898.

---

The opinion of the court was delivered by

MILLER, J.   The plaintiffs, the legal heirs of the deceased, Esteve Marqueze, are appellants from the judgment dismissing their suit to annul the last will of the deceased in nuncupative form by public act. The grounds on which plaintiffs rely to maintain their suit are that the certificate does not show the capacity of the notary by whom it is stated the will was received, nor state the residence or the qualifications of the witnesses.   The certificate of the notary in so far as it is material to this discussion is:   " Before me, Charles Rolle, a notary for the parish of Orleans and city of New Orleans, therein residing, and in the presence of J. F. H. J. C. and M. H., all of this city, witnesses hereto required."

The deficiency suggested in the statement of the capacity of the notary is, that it does not appear from the certificate he was commissioned by the executive and had taken the oath required of public officers.   The statement he is a notary public for the parish and city fairly implies he was appointed and qualified.   There is no form of expressing his capacity exacted by law.   It suffices that the certificate in the usual significance affirms the capacity of the notary.   "Faut il sous peine de nullite que le notaire enonce sa qualite.   Il suffit que le testament renferme des expressions equivalents, car la loi n'a pas prescrit cette enonciation expresse sous peine de nullitie." Boileleux, Chapter 5, p. 3.

The Code, in prescribing the requisites of the nuncupative will by public act, enumerates besides that it shall be received by the notary, the dictation by the testator, the writing by the notary as it is dictated, the reading to the testator in the presence of the witnesses, the witnesses are to be residents of the place where the will has been executed, and express mention is to be made of the whole in the

certificate of the notary. C. C. 1578. Under this article it is settled that the residence of the witnesses must appear in the notary's certificate. LeBlanc vs. Barass Heirs, 16 La. 80; Weick vs. Henne $e^t$ als., 41 An. 1153; Succession of Vollmer, 40 An. 597. But the question is whether the certificate does not contain the equivalent of the statement of the residence of the witnesses. They are designated as "of this city," referring to "for the parish of Orleans and city of New Orleans," used in designating the notary. The French commentators dealing with Art. 973 of the Napoleon Code, corresponding with Art. 1578 of the Revised Civil Code, have discarded the use of the very words of the Code as necessary to the statement in the notary's certificate of compliance with the requisites of the will by authentic act. The lawmaker in other words has exacted no acramental words for the notary, but is satisfied if equivalent language is employed. While exacting express mention of compliance with the formalities requisite for wills in this form, the commentators all concur in the sufficiency of words equivalent to those in the Code. Thus: "Du reste il n'y a pas ici d'expressions sacramentelles; tout ce qui exige la loi c'est que la mention soit concue de telle maniere qu'ell contienne une affirmation non equivoque de l'observatiou de chacune des formalites. 2 Mourlin, 400; 2 Baudry-Lacantinerie, 378; 16 Dalloz Repertoire, 818, par. 2335. The words "of the city of New Orleans," used in this certificate to designate the residence of the witnesses, in natural significance conveys residence. It would be straining to suppose anything else was intended. This is the view too, of the French commentators. Thus: Ainsi jugé; qu'il suffit de ces mots tels et tels endroit, qu'il n'est pas necessaire d'employer les mots demurant à . . . . ; Que pareillment une cour d'appel a pu declarer, sans violer aucune loi, que l'enonciation suivante fait en presence de MM. tous quatre de Sauveterre contient d'apres l'etat et la qualite des temoins, une indication suffisante de leurs demeures. 16 Dalloz Rep. p. 916, par. 3144. See also 3 Troplong p. 118. In the cases cited on behalf of the plaintiff the Court held that the expression " competent witnesses " announced the notary's conclusion and would not suffice, and that the certificate was insufficient, and neither would " neighborhood " be a sufficient designation of residence. Here, however, the certificate uses the word equivalent to residence. We conclude, therefore, the certificate in this respect meets the legal requirement.

The law excludes as witnesses to wills women, children under sixteen, the deaf, dumb, blind, the insane, and persons disqualified by crime for civil functions. C. C., Art. 1591. It can hardly be deemed reasonable to hold the law required the certificate to negative these disqualifications. Our jurisprudence, while exacting the mention of residence, has never sanctioned the necessity for the affirmance in the certificate that the witnesses were not disqualified. Nor do the French commentators, searching as they are in the examination of this subject, intimate any such essential in the certificate.

It is therefore ordered, adjudged and decreed that the judgment, of the lower court be affirmed with costs.