PONDER, Justice.
 

 This is an appeal from a judgment rejecting, plaintiff’s demand to annul the will' of Maurice Feitel.
 

 ■ Irvin -S. Feitel, as executor, filed said' will in the lower court -with petition asking-that same be registered and executed as the-last will and testament of Maurice Feitel’ in the nuncupative form by public act and' that he be confirmed as testamentary executor; the lower court gave order accordingly.
 

 Plaintiff instituted suit to annul the will' and set aside all proceedings had herein, on the ground that the will did not comply with article 1578 of the Revised Civil Code of the state of Louisiana, particularly in-that the said purported will did not express, that same was read to the testator in the presence of the witnesses by the said notary.
 

 Three exceptions were filed herein: (1) Exception o'f vagueness; (2) exception or plea of lack or want of interest; (3) exception of no right or cause of action. The record does not show that any disposition was made of the exceptions.
 

 Defendant answered maintaining that the will is a valid one of nuncupative form by public act.
 

 In the alternative he averred that testator left three other wills, besides the instant, will, in nuncupative form by public act; that plaintiff was not recognized as heir or legatee in the present will or in either of the other wills and if the instant will
 
 *601
 
 is annulled it would be of no avail to the ■plaintiff, and that therefore the plaintiff has not sufficient interest to prosecute this suit.
 

 He makes also the following pleas:
 

 “In the alternative, and only in the event that the last will and testament of the ■decedent; dated June 7th, 1934, is declared invalid, your defendant prays that the last ■will and testament of thé decedent, dated November 3rd, 1933, in nuncupative form 'by public act, be ordered registered and -executed.
 

 “In the alternative, and only in the event •that the last will and testaments of the decedent, dated June 7th, 1934, and November 3rd, 1933, are declared invalid, and ■petitioner is held to have a sufficient interest ■to maintain this action, your respondent ■prays that the last will and testament of the decedent, Maurice Feitel, dated November 3rd, 1933, be registered and ex■ecuted as a nuncupative will by public act, •as well as the duly registered, probated ■and executed as a nuncupative will under private act.
 

 “In the alternative, and only in the event that the last wills and testaments of the decedent, dated June 7th, 1934, November 3rd, 1933, and August 31st 1933, are declarad invalid, and petitioner is held to have a sufficient interest to maintain this action, your respondent prays that the last will and testament of the decedent, dated February 26th, 1932, be duly, registered and executed as a nuncupative will by public act, as well as duly registered,' probated and executed as a nuncupative will by private act.”
 

 The nearest of kin to the testator were nieces and nephews and it was admitted that the plaintiff was a niece.
 

 Parol evidence is inadmissable to show that all the formalities of a nuncupative will by authentic act have been fulfilled. It must make full proof on its face. Le Blanc v. Baras’ Heirs, 16 La. 80.
 

 Therefore we must look to the actual wording of the will itself to see if it proves on its face that it was read to the testator in the presence of the witnesses. The will recites:
 

 “Thus it was that the foregoing will and testament, was dictated to me, Notary, in the presence of all of said witnesses, and by me written as dictated.
 

 “And thereupon, the said testator, has hereunto signed his name, in the presence of said witnesses, each of whom has also signed the same in my .presence and that of the testator and in the presence of each other.
 

 “And the whole of the -foregoing, the dictating,'the writing, the reading and the signing was done at one time and without turning aside to other acts, the whole in the sight and presence of all of said witnesses, and me, Notary.”
 

 It is very clear that the recital does not show that it was read to the testator. The recital shows that it was dictated to the notary in presence of witnesses; that the notary wrote it as dictated; that the testator and witnesses signed it in presence of each other; that it was all done without turning aside to other acts; and that everything was done in the sight and presence of
 
 *603
 
 the witnesses and notary. The only mention we find of the word “reading” is in the last paragraph quoted ■ above in which it states:
 

 “And in the whole of the foregoing * * * the reading * * * was done at one time without turning aside to other acts. * * * ”
 

 We fail to find the foregoing reading referred to, on. the face of the will, and' we cannot interpret this recital to mean “read to the testator.” In the case of the Succession of Wilson, 177 La. 119, 148 So. 1, 3, the court annulled a nuncupative will by public act on the ground that the recital in. the will itself did not show that notary wrote it himself. The recital showed in that case that it was written; and written as dictated; and read back to the testator in a loud and audible voice in the presence of the witnesses. The cqurt held that it was not only necessary for it to be written by the notary, but that express mention be made in the will itself that it was written by the notary. In the instant case, under the above-quoted authority, the Succession of Wilson, and the various authorities cited therein, we are of the opinion that the' omission to recite that the will was “read to the testator” is fatal and that it should be annulled.
 

 As to the defendants’ alternative pleas — * that if the'instant will is not valid, that one of the other wills should be declared valid —the court is of the opinion that they could not be considered for the reasons set out in the Succession of McDermott, 136 La. 80, at page 82, 66 So. 546, 547.
 

 . Gilmore opened succession producing the will of August 4, 1912, for probate. The judge refused to probate said will becaitse of the existence of the last two wills which in a few days were duly probated, etc., the court said:
 

 “ ‘No testament can have effect unless it has been presented to the judge of the parish in which the succession is opened.! The judge shall order the execution of the testament after its being opened and proved in the cases provided by law. C.C.1644. ‘A will has no effect until duly proved and ordered to be executed by a competent court.’ See Hermen’s Digest, vol. 1, p. 467e-6. It will be' time enough to litigate over said purported wills, when,' if ever, they shall be probated, or presented for probate, at the instance of the executors, or legatees named therein.”
 

 .As to the defendant’s contention, that the plaintiff has not sufficient interest to prosecute this suit, the court is of the opinion that she being of the nearest kin and a legal heir would have an interest in the said succession until a valid will is probated and deprives her of that interest. A will has no effect until it is presented to the judge and ordered executed. Civil Code, Art. 1644. ' Plaintiff has a right to' contest any document.that tends to deprive her' of her interest in the succession of Maurice Feitel. *
 

 Decree.
 

 For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of Mrs. Selma Samuel,' widow of John B.
 
 *605
 
 Hunt, and against Irvin S. Feitel et al., avoiding and setting aside the document passed before Edward Dinkelspiel, a notary-public for the parish .of Orleans, dated June 7, 1934, and purporting to evidence the last will and testament of Maurice Feitel, and declaring the same null, void, and of no effect. It is further ordered, adjudged, and decreed that the rights of the defendants’ to present either or all of the three wills referred to in the defendants’ answer herein to the judge of the parish in which the succession is opened for execution and probation are specially reserved. All cost to be paid by the succession.
 

 O’NIELL, C. J., ábsent.