ROGERS, Justice
 

 (dissenting).
 

 The will under review shows on its face that the testator appeared before the notary and attesting witnesses for the purpose of making his last will and testament, and for no other purpose.
 

 The testamentary dispositions are followed by the following declaration of the notary, viz.:
 

 “Thus it was that the foregoing last will and testament was dictated to me, Notary, in the presence of all of said witnesses, and by me written as dictated.
 

 “And thereupon, the said testator has hereunto signed his name, in the presence of said witnesses, each of whom has also signed the - same in my presence and that of the testator and in the presence of each other.
 

 “And the whole of the foregoing, the dictating, the writing, the reading and the signing was done at one time and without turning aside to other acts, the whole in the sight and presence of all of said witnesses and me, Notary.”
 

 And thereafter, as disclosed by the instrument itself, the signing by the testator, the witnesses, and the notary took place.
 

 “There ■ are no sacramental words prescribed by law. If words are used which taken all together show that the notary did all that the law makes essential, the will is good as to form, although the notary may be confused in his manner of expressing himself.” Rongger v. Kissinger, 26 La. Ann. 338; Succession of Marqueze, 50 La. Ann. 66, 68, 23 So. 106; Duhon v. Duhon, 161 La. 499, 109 So. 44.
 

 While it is true the will does not contain the specific declaration that it was read to the testator, it does contain the declaration that “the dictating, the writing, the reading and the signing was done at one time and without turning aside to other acts, the whole in the sight and presence” of the witnesses ■ and the notary. . From which I think it may be fairly inferred that the “reading” of the will was done in the presence and hearing of the testator, since all the steps set forth in the certificate of the notary could not possibly have taken place,. including the “reading” at one time and without turning aside to other acts, if they were not done in the presence of the testator. And all the parties to the instrument, testator, witnesses, and notary, signed it in the presence of each other. See, in this connection, Pizerot v. Meuillon’s Heirs, 3 Mart.(O.S.) 97, 115.
 

 . In Forstall v. Forstall, 3 Mart.(N.S.) 367, this court stated: “We think, if it
 
 *607
 
 result from an examination of the whole instrument, that the will was read to the testator in the presence of the witnesses, that it is immaterial in what words that idea is conveyed.” Again in Seghers v. Antheman, 1 Mart.(N.S.) 73, the will did not contain the declaration in so many words that it was read to the testatrix but the court found that the declarations which the instrument did contain showed that it was read to the testatrix. Mr. Justice Porter, speaking for the court (page 80) said: “It is not stated here, that the will was read over to the testatrix, but it is declared, that after the reading, she approved it, in presence of witnesses. It has occurred to us, as worthy of consideration, whether it necessarily resulted from the expressions, that the will was read to her, and we think that it does. To give them any other construction, would be to render the whole clause absurd; for, if it was not read to her, why the statement that the reading preceded the approbation?”
 

 And so in the will before us, if the will was not read to the testator, why the statement that the dictating, writing, reading, and signing were done at one time without turning aside to other acts? This statement must mean that the reading, as well as the dictating, the writing arid the signing, was done in the presence of the testator, because all those things were done at ■one time and without interruption, and in the presence of all the parties to the instrument. To hold otherwise, it seems to me, has the effect of writing out of the will the word “reading” and of rendering the clause in that respect entirely meaningless.
 

 I am, therefore, of the opinion that the judgment of the district court should be affirmed.