## Holtz Estate

*Richard N. Fox*, for appellant.

*William S. Morrow*, for proponents.

SHUGHART, P. J. (9th Judicial District, Specially Presiding), March 30, 1963.—After a will and two codicils thereto allegedly executed by decedent, Emma M. Holtz, had been probated, an appeal was filed on behalf of one Paul H. Baltosser, who claims to be an heir at law of decedent. Appellant contends that the will is a forgery. The proponents of the will filed preliminary objections to the appeal in the nature of a motion to strike the same from the record on the ground that the contestant is not a party in interest.

Because factual questions were involved, a hearing was fixed and testimony was taken on March 22, 1963. At the hearing, a stipulation was filed in which it was agreed that the signature of decedent, Emma M. Holtz, to a testamentary document dated December 17, 1947, was in fact placed thereon and executed by Emma M. Holtz as her signature on the date set forth therein and in accordance with the attestation clause contained thereon. By further stipulation, it was agreed that the signatures of Harry B. Crytzer and G. Fay Clouser as witnesses to the said document were authentic signatures placed thereon by the said parties on the date set forth in the writing and in accordance with the attestation clause contained therein. No other evidence was offered or received.

Proponents contend that if the probated will is invalid, decedent's estate will be distributed in accordance with the will dated December 17, 1947. The con-

testant, Baltosser, is not a beneficiary under this will and it is, therefore, contended that he is not a party in interest entitled to appeal.

The Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.208, provides for the persons who may appeal from actions of the register. This act provides in part as follows:

"*Any person in interest* who is aggrieved by a decree of the register . . . may appeal therefrom to the court within two years of the decree." (Italics supplied.)

The question posed is whether an heir of decedent is precluded from attacking a decree of probate of a will where there is in existence a testamentary document executed prior to the probated will in which the contestant is not a beneficiary. Section 21(a) of the Act of June 7, 1917, P. L. 415, the prior Register of Wills Act, 20 PS §2005, did not clearly indicate that appeals from the actions of registers of wills were limited to parties in interest. Our courts have consistently held, however, that only parties in interest may appeal: In re Beeder's Estate, 10 Pa. 261.

It has been held that where a party is a beneficiary under a prior will executed by the decedent such person is a party in interest with standing to contest the probated will: Ash Will, 351 Pa. 317 (1945).

A number of cases have held that one who has no pecuniary interest in an estate has no standing to appeal from the probate of a will. In Cameron Estate, 28 D. & C. 2d 355, it was held that the Register of Wills of Lancaster County was not a party in interest permitted to appeal from the decree of probate of the will in Dauphin County. The creditor of a disinherited heir has been held not to be a party in interest entitled to appeal: Shepard's Estate, 170 Pa. 323. An heir was held ineligible to contest a gift to one of the beneficiaries of a will because of undue influence where the gift, if invalid, would have fallen into the residue of the

estate and would have gone to charity: Carothers' Estate, 300 Pa. 185. A legatee under a prior will destroyed by decedent had no standing to contest a probated will: Curtis' Estate, 253 Pa. 389. In all of these cases, the contestant had neither actual, apparent or prospective interest in decedent's estate.

No case involving our present situation has been decided by the appellate courts in Pennsylvania. The decisions of other jurisdictions are in conflict. In a recent case, the Supreme Court of Michigan held that heirs at law of a decedent were proper parties to contest the probate of a will notwithstanding the existence of prior unprobated wills that disinherited the heirs: In Re Powers' Estate, 362 Mich. 222, 106 N. W. 2d 833 (1961). The court pointed out that, as in the case at hand, proper execution of the prior wills was conceded, but none of them had been probated and approved. The mere fact that the execution of the prior testamentary document was admitted does not make it dispositive of decedent's estate unless it is probated and stands the test on appeal. As was said by the court in Marr v. Barnes, 126 Kan. 84, 267 Pac. 9 (1928):

"A will neither confers rights on its named beneficiaries nor deprives heirs of their rights until it has passed the scrutiny of the probate court, and its presentation for probate and some action favorable or unfavorable thereon by that tribunal are prerequisites to a contest over its validity in a court of general jurisdiction. . . . How an *unprobated* will could be said to be a *valid* will and used in litigation as a *valid* will to the prejudice of an heir who has never had a chance to question its validity calls for a subtlety of reasoning which we would not care to follow."

It has been suggested that there is a degree of conceptual difficulty in attempting to justify a rule which permits a prior will to allow one to contest the will on probate and, on the other hand, holding that such a

prior will will not exclude an heir as a party in interest. We feel no such difficulty exists. The fact that one claiming under a prior will has an interest that will support an appeal is not inconsistent with the holding that one who is an heir at law likewise has a right of appeal in such situations. On the contrary, the legatee or devisee under a prior will is a prospective beneficiary of the estate if he is successful in his attack on the probated will, and, secondly, if he is successful in his efforts to then probate the will under which he claims. The heir is a prospective beneficiary and becomes an actual beneficiary when he successfully attacks the will on probate, and, secondly, is successful in preventing the probate of any other will that disinherits him.

Likewise we are not concerned with the fact that an heir, such as appellant here, will be compelled to establish the invalidity of another will before he is in a position to actually lay claim to the estate. If there were ten invalid wills of a decedent in existence, there is no sound reason why the law should obstruct his lawful right to die intestate.

If appellant, as an heir at law, were excluded as a party in interest, the court in this proceeding would be deciding that the prior testamentary document was admissible to probate. Such a determination cannot be made collaterally in this proceeding. It can only be made when the will in question is offered for probate. Only in the probate proceedings could the possible existence of later wills or the partial destruction or revocation of the will be authoritatively determined.

A decision as to whether the prior will is susceptible to probate is especially difficult in this case. The signature of testatrix and the witnesses to the will of December 17, 1947, are clear, but several paragraphs of the will have been mutilated by the drawing of lines and by considerable interlineation. The validity of this document must be determined in a proceeding in-

volving its own probate and, therefore, it cannot be accorded such validity as to deprive appellant of his day in court.

Proponents have cited Frazier Estate, 75 D. & C. 577, in support of their contention. In that case, the auditing judge found that the contestants were unable to prove a relationship to decedent and for that reason dismissed the appeal. When the case was heard before the court en banc, Judge Lefever, speaking for the court, said at page 584, that their decision dismissing the appeal might well rest on this finding of the auditing judge. The statements following this remark relative to the right of the heirs to appeal were dicta. In that case, testatrix had executed eight prior wills between 1937 and 1948, none of which named any of the contestants as beneficiaries. In the instant case, the will relied upon to exclude the contestant was executed one day prior to the will in question. We feel that Frazier Estate is readily distinguishable from the instant case.

Our decision to give the heir at law standing to contest the probate of a will even though there is in existence a prior testamentary document admittedly executed by decedent is consistent with the weight of authority in other jurisdictions: Marr v. Barnes, supra; Murphy's Executor v. Murphy, 65 S. W. 165 (Ky.) (1901); Stephens v. Brady, 209 Ga. 428, 73 S. E. 2d 182 (1952). The courts of some States, however, reach a contrary conclusion: Cowan v. Walker, 117 Tenn. 135, 96 S. W. 967 (1906); Livingston v. Livingston, 179 Iowa 183, 153 N. W. 200 (1915) (will and codicil disinheriting the contestants was probated during the will contest trial); Succession of Feitel, 187 La. 596, 175 So. 72 (1937) (on first hearing before the court the right of the heir to contest was upheld, after reargument the decision was reversed with two judges dissenting). On the subject generally, see Article 33

Boston Univ. L. R. 261 (1953); 47 Va. L. R. 901 (1961).

*Order of Court*

And now, March 30, 1963, for the reasons given in the foregoing opinion, the preliminary objection in the nature of a motion to strike the appeal is overruled. In conformity with the prior agreement of the parties, appellant is given 20 days within which to amend his appeal to meet other preliminary objections thereto. An exception is noted for the proponents.