## Heffner Estate

*Roland Fleer*, for proponents.

*Smith, Aker, Grossman & Hollinger* and *Henry C. Markofski*, for contestant.

TAXIS, P. J., June 29, 1967.—Sarah S. Heffner, decedent, died on January 1, 1965, leaving an alleged will dated October 21, 1964, which was probated on January 14, 1965. By the probated instrument, in paragraph 2 thereof, decedent provided for 23 specific legacies, totaling approximately $16,000.

By paragraph 3 of her will, she gave the residue to George G. Greenawald, Ruth F. Greenawald and Marilyn L. Greenawald. She appointed George G. Greenawald executor of her estate in paragraph 4.

An appeal from probate of the will and grant of letters testamentary was filed with this court on January 6, 1967, by Claude Schatz, a first cousin of decedent. The statutory two-year period for appeals from probate expired eight days later, on January 14, 1967. The only appeal taken was that of Claude Schatz.

Paragraph 3 of the appeal from probate alleges in full as follows:

"3. Petitioner avers and expects to be able to prove that at the date of the execution of said paper writing,

when the physical and mental condition of the decedent were greatly weakened by sickness and infirmity, said writing was procured by an undue influence practiced upon the decedent by George G. Greenawald, Ruth F. Greenawald, and Marilyn L. Greenawald, severally or jointly, in that those persons occupied a position of confidential relation to the decedent, wrote the will in question, secured for themselves the residue of the decedent's estate, and were strangers to the blood of the decedent".

An answer on the merits was filed by proponents, and paragraph 3 of said answer avers:

"3. Respondents deny that at the date of execution of her will decedent's physical and mental condition were greatly weakened by sickness and infirmity; that the will was procured by undue influence practiced upon decedent by the respondents, severally or jointly; and that respondents, or any of them, occupied a position of confidential relation to the decedent. On the contrary, respondents aver that at all times prior to the execution of her will and at the time thereof, the decedent was mentally strong and unaffected by her physical ailment and fully capable of making her will and deciding upon the persons she desired to benefit therein. Further averred that the relation between decedent and respondents was no more than one of close personal friendship which had extended over a period of many years".

Counsel for proponents took the position at a pretrial conference on April 26, 1967, that Claude Schatz, the contestant, was not a "party in interest who is aggrieved", permitting him to appeal from the decree of probate, as required by section 208 of the Register of Wills Act of June 28, 1951, P. L. 638. Proponents argued that contestant could not gain personally from the appeal, even assuming he successfully could prove

undue influence on the part of George, Ruth and Marilyn Greenawald, for the reason that a prior instrument dated December 28, 1963, and still an earlier will dated May 18, 1962, disclosed that contestant was not mentioned as a beneficiary in either or any of these instruments. Accordingly, contestant, in order to gain from the estate, would be required to set aside not only the probate of this will but other prior testamentary writings, which would result in decedent's dying intestate. It is undisputed that Claude Schatz is an intestate heir of decedent and would share in a portion of her estate if she were declared to have died intestate. A stipulation was entered into between counsel that this legal question as to contestant's status be determined preliminarily.

Claude Schatz is a prospective intestate beneficiary, and might become an actual beneficiary when and if he successfully attacks not only the will in probate but is also successful in preventing the probate of any other will that disinherits him. Moreover, it is not the concern of the court at this juncture to consider whether contestant may be compelled to establish the invalidity of other and prior instruments before he comes into a position actually to lay claim to the estate by intestacy. If there were 10 invalid prior wills of decedent in existence, this, of itself, would not be a compelling reason for this court to foreclose contestant's efforts to prove that decedent died intestate.

No case interpreting "party in interest who is aggrieved", as in our present situation, has ever been considered or decided by the appellate courts of this Commonwealth. A similar problem did arise in a lower court case, however, in Holtz Estate, 30 D. & C. 2d 396, where the court concluded that an heir was a party in interest entitled to appeal from probate, even though the intestate heir was not a beneficiary under

prior testamentary writings. The decisions in other jurisdictions seem to be in conflict. In Holtz Estate, supra, Judge Shughart, in reviewing cases in other jurisdictions, stated, on page 401,

"Our decision to give the heir at law standing to contest the probate of a will even though there is in existence a prior testamentary document admittedly executed by decedent is consistent with the weight of authority in other jurisdictions: Mary v. Barnes, supra; Murphy's Executor v. Murphy, 65 S. W. 165 (Ky.) (1901); Stephens v. Brady, 209 Ga. 428, 73 S. E. 2d 182 (1952). The courts of some States, however, reach a contrary conclusion: Cowan v. Walker, 117 Tenn. 135, 96 S. W. 967 (1906); Livingston v. Livingston, 179 Iowa 183, 153 N. W. 200 (1915) (will and codicil disinheriting the contestants was probated during the will contest trial); Succession of Feitel, 187 La. 596, 175 So. 72 (1937) (on first hearing before the court the right of the heir to contest was upheld, after reargument the decision was reversed with two judges dissenting). On the subject generally, see Article 33 Boston Univ. L. R. 261 (1953); 47 Va. L. R. 901 (1961)".

The proponents cite Carothers's Estate, 300 Pa. 185 (1930), to support their position that contestant has no standing to appeal. In that case, a bachelor's will gave various legacies, including $1,000 to a niece, and the residue to charity. The niece appealed from probate, alleging undue influence on the part of other pecuniary legatees. The court held that appellant could not gain from the appeal, since a finding of undue influence would only result in the charity obtaining more; that the niece could never obtain more than $1,000. Carothers's Estate is distinguishable from this case. Contestant is alleging that the residuary beneficiaries in this case have exerted the undue in-

fluence. If proven, the residue would pass under the prior wills, not yet probated, or possibly by intestacy. Here, contestant may ultimately benefit, whereas in Carothers's Estate the contestant could not possibly benefit.

The Orphans' Court of Philadelphia County, in Dettra Estate, 29 D. & C. 2d 429 (1963), held that the Commonwealth, as statutory heir, could appeal from probate of a will leaving residue to strangers. Judge LeFever stated, at page 432,

". . . A will contest is basically an action in rem. Therefore, all parties who *have a possible interest* have a right to appear in such action . . ." (Italics supplied.)

The court concludes, therefore, that contestant is a "party in interest who is aggrieved" by the decree of probate, even though, at the moment, his coming into an intestate share may appear to be remote. The matter must proceed to hearing on the merits.

Contestant's request for a jury trial is refused. A date for hearing on the merits will be scheduled after conference with counsel for the parties.