OVERTON, J.
 

 Calixte P. Ducre died in the parish of St. Tammany, where he had his domicile, in tbe year 1904. About 20 years after his death, his widow, Sedonia Graves Ducre, presented for probate what purports to be his olographic will, dated January 1, 1900, naming her as the only legatee, and leaving'her the decedent’s property on bayou Lacombe. Tbe will was admitted to probate and ordered registered.
 

 This proceeding is one instituted by rule by Simon Ducre and Marie Josephine Ducre, wife of James Bradley, who allege that they are the sole surviving legitimate children of tbe deceased, to annul the probate of the will, on the ground that, although they were residents of the parish of St. Tammany, where the will was presented for probate, no written notice of. the intention to probate was given them.
 

 Tbe defendants in rule, who are the widow of tbe deceased, and Jules Bagur, to whom she sold certain property left by the decedent, excepted to the proceeding on tbe ground that it should have been by petition and citation instead of by rule, and on the further ground of vagueness! These exceptions were overruled, and defendants answered, denying that plaintiffs are tbe legitimate children of .the deceased. The trial resulted in a judgment for defendants.
 

 The conclusion we have reached, after reviewing the evidence, makes it unnecessary
 
 *976
 
 to consider the exceptions. We shall proceed, therefore, to the merits of the case.
 

 Plaintiffs are members' of the colored race. They claim to be the legitimate children of the deceased and Caro or Carol Holliday. Josephine, the older of the two, was born about 1867, and Simon about 1870. The deceased geared both of them, and they bore his name. Their mother was known among the colored people as Mrs. Ducre. After her death, their alleged father continued to care for plaintiffs, and when he married Sedonia Graves, which marriage is fully established, both by written evidence and general repute, he did not discontinue his care for them.
 

 If the deceased and Carol Holliday were ever married, there is no written evidence that they were. There is no contention that they were married during the days of slavery. So far as we are able to ascertain, they began living together about a year after the close of the Civil War, at which time the record discloses that, in the particular community in which they lived, marriage among colored people was the exception rather than the rule. Dr auzin. Ducre, a first cousin of the deceased, who was 80 years old at the time of the trial, and who was with the deceased frequently, knew nothing of (a marriage between him and Carol Holliday, although he was in position to know of the marriage, had one taken place. Polite Atlow, who knew the deceased for some 50 years, had no knowledge of such a marriage, although, had there been a marriage ceremony, he was in position to have known of it. Edgar Ducet, the present husband of Sedonia Graves, the widow of the deceased, testified that he had never heard of any such marriage, and his wife testified that none such occurred, though she was not in position to know positively. What impresses us is that, in the small rural community in which the deceased and Carol Holliday began living together and in which they continued to live, although there were witnesses living at that time, in that community, who were in position to know of the marriage, had it occurred, and who took the stand, nevertheless there is a dearth of evidence in the record that any such marriage occurred.
 

 Therefore, granting, without so deciding, that the failure to give notice of the intention to probate the will would justify the annulment of the probate thereof, nevertheless plaintiffs have no right to attack the order, 'probating it, for the reason they are not the legitimate children of the deceased.
 

 Eor these reasons, the judgment appealed from is affirmed.
 

 O’NIELL, O. J., concurs in the result.