89 So.2d 894

Succession of Albert POPE.

No. 42398.

June 29, 1956.

Rehearing Denied Sept. 28, 1956.

Ponder & Ponder, Amite, for appellant.

Mentz & Ford, Hammond, for appellee.

McCALEB, Justice.

This appeal involves the validity of a certain judgment of the Twenty-First Judicial District Court for the Parish of Livingston, which annulled and vacated a previous judgment of that court probating as a last will and testament a document executed by the deceased, Albert Pope, on March 8, 1954, naming Paul Farmer, J. K. Thurman, Fuqua C. Sibley, James E. Curtis, Jr., and J. W. Smith, Jr., as trustees and executors of his estate. The salient facts of the case are as follows:

On June 16, 1953, Albert Pope executed a typewritten will purportedly in the form provided by Act 66 of 1952[1] before C. R. Sullivan, Clerk of Court of Livingston Parish and ex officio a Notary Public, with Sheriff Taft Faust and Henry A. Mentz, Jr., as witnesses. This will named Mr. Mentz as attorney for the estate. Later, on March 8, 1954, Pope executed another

will in substantially the same form before Clerk of Court Sullivan and two subscribing witnesses different from those appearing in the first will. This will nominated the above named persons as trustees and executors and gave them the right to appoint an attorney of their choice to handle the estate.

Albert Pope died on August 25, 1954 and on October 5, 1954, his widow, Mrs. Grace Pope, the appellant herein, filed two petitions opening his succession. In one of these, she prayed to be appointed natural tutrix for the four minor children of the marriage and also requested that an inventory of the effects be taken. On October 8, 1954, judgment was entered conformably with the prayer of this petition. The Notary Public appointed by the court had not at that time made an inventory but, despite this, letters of tutorship were issued to Mrs. Pope and also to the undertutor appointed by the judge.

In the other petition filed on October 5, 1954, Mrs. Pope requested the probate of the will dated March 8, 1954, alleging that it was the last will and testament of decedent and that it revoked the previous will of June 16, 1953, which she averred was in the hands of Henry Mentz, Jr. On the allegations of this petition, the judge ordered Mr. Mentz to deposit the will in his posses-

---

1. The Act, which has been incorporated in the Revised Statutes as Title 9, Sections 2442, 2443 and 2444, provides a new form of will in Louisiana, i. e., a typewritten, printed or written will before a Notary and two witnesses.

sion in the registry of the court. Mr. Mentz complied with this order on October 8, 1954, at which time the judge heard testimony tendered by Mrs. Pope in support of her petition to probate the will of March 8, 1954 and, on October 18, 1954, a judgment was entered probating that will. On the same day that the judgment was rendered, Mr. Mentz filed an opposition to the probate of the will of March 8, 1954, alleging the invalidity of that will on the grounds that the subscribing witnesses did not sign in the presence of the notary, nor did the notary sign in the presence of both witnesses, as required by Act 66 of 1952 and that, further, the notary had subsequently removed his signature from the will in the presence of and with the consent of the testator. He prayed that the opposition be set down for trial and heard by the court and that the will of June 16, 1953 be recognized as the last valid will of the deceased and probated.

Nothing further happened with respect to the trial of this opposition until after the judge, who had rendered the judgment probating the will of March 8, 1954, had been succeeded in office. On November 19, 1954, Mr. Mentz moved and the court ordered that his opposition and application for probation of the will of June 16, 1953 be assigned for hearing on December 10, 1954. On the appointed day, the matter was continued and, following another continuance, it was submitted by agreement of opposing counsel on March 7, 1955 to the new judge on the record which had been previously made up in the case together with certain exceptions of lack of interest, res judicata and no right or cause of action which had been filed by counsel for appellant.

After a consideration of the matter, the judge vacated the decree of October 8, 1954 insofar as it purported to authorize letters of tutorship to issue prior to the filing of an inventory and the recording of an abstract thereof in the mortgage records.[2] She also vacated the judgment of October 18, 1954 probating the will dated March 8, 1954, holding the will to be a nullity on its face, and ordered a hearing to be held to determine whether the will dated June 16, 1953 is a valid last will and testament of the decedent and, if duly proved, to submit it to probate.

2. The ruling was correct in view of Article 321 of the Civil Code providing that, in cases in which the tutor is not required by law to give bond "it shall be the duty of the clerk of the district court of the parish in which the appointment is to be made, to furnish a certificate of the amount of the minor's property according to the inventory on file in his office. This certificate must be recorded in the mortgage book of the parish in which the tutor resides; and a certificate to that effect, signed by the recorder of mortgages, *must be presented to the judge before he can make the appointment, or authorize letters of tutorship to be issued.*" (Italics ours.)

On her appeal from the adverse decision, appellant does not assail the portion thereof which annulled the judgment issuing letters of tutorship. However, she challenges on several grounds the right of the judge to vacate the judgment probating the will of March 8, 1954.

First, it is asserted that this judgment was set aside on the judge's own motion. An examination of the record discloses that this claim is without foundation as the minutes of the court of November 19, 1954 reveal that the opposition of Mr. Mentz was assigned for hearing on his motion.

■■ Counsel's next contention is that the judgment of October 18, 1954 probating the will is a final judgment which was res judicata.

While a judgment probating a will is prima facie valid (see In re Andrus, 221 La. 996, 60 So.2d 899 and Succession of Price, 197 La. 579, 2 So.2d 29 and cases there cited), it is not definitive unless the question of the validity of the will has been expressly put at issue and concluded against those parties making the attack. Succession of Manion, 143 La. 799, 79 So. 409. It is clear, from an examination of the record in the case at bar, that the judgment probating the will was purely

ex parte [3] and that Mr. Mentz, although he directed a few questions to the witnesses appearing for the proponents of the will, had never been given a formal hearing on his opposition to the probate of the will which, incidentally, was filed on the same day that the judgment was rendered.

■ Counsel for appellant also maintain that Mr. Mentz is without any interest in opposing the judgment probating the will, asserting that it is only the legitimate heirs of the decedent who may bring such an action. The cases of Ducre v. Succession of Ducre, 168 La. 973, 123 So. 644; Succession of Rice, 147 La. 834, 86 So. 282 and Succession of Feitel, 187 La. 596, 175 So. 72, are cited in support of this proposition.

The contention is without merit. Mr. Mentz is named attorney for the succession in the will dated June 16, 1953 which he claims to be the last valid will left by decedent. It was held by this court, in Rivet v. Battistella, 167 La. 766, 120 So. 289, that a provision in a will designating an attorney-at-law to settle the estate of the testator is valid and binding upon those who take under the will and that, while the executors are not required to use the services of the attorney, the estate is liable to him for a reasonable fee. Thus, in the case at bar, if the will of June 16, 1953

---

3. This judgment merely recites that the cause was heard on the application of the surviving spouse and trustees of the will for its probate and that the will, being

in the form of an authentic act as provided by law, is approved and given legal effect.

is the last valid will of the decedent, Mr. Mentz has a real interest in having it probated [4] and, hence, a real interest in assailing the validity of the later will.[5]

■ The court vacated the judgment probating the will of March 8, 1954, holding that will to be null on its face because the notary public had subsequently removed his signature therefrom with ink eradicator. We do not agree with this resolution. The fact that the notary removed his signature did not, ipso facto, render the will invalid. The notary testified that his reason for eradicating his signature was that Mr. Pope did not wish the will to be filed. In the absence of a showing that the notary acted at the testator's request in response to the latter's desire to revoke the will as his last will and testament, the removal of the signature was ineffective in law.

■ On the other hand, the evidence taken at the time the will was offered for probate exhibits that it is void for another reason—that is, that the testator and both witnesses did not sign in the presence of the notary and that the notary did not sign in the presence of both witnesses. Act 66 of 1952 provides that the testator must sign the will in the presence of the notary and both witnesses and signify to them that the instrument is his will; that the notary and both witnesses must sign at the end of the will in the presence of the testator and in the presence of each other. Although the will recites that the testator, notary and witnesses pursued the prescribed procedure, the evidence offered by proponents revealed that the will was confected by Mr. Pope in his office and was there signed by him in the presence of the two witnesses and that, thereafter, Mr. Pope and one of the witnesses repaired to the

4. It has been held by this court that a will may be presented for probate by anyone having custody of it or interested therein. See Succession of Lytle, 1 Rob. 268; Succession of Lally, 1 Rob. 269. Aside from everything else, an attorney-at-law is an officer of the court and it may be said that he has a duty to offer for probate a will that has been left in his custody unless he is satisfied that it has been superseded and revoked by another valid will.

5. The cases relied on by counsel for appellant are not apposite. In Ducre v. Succession of Ducre, 168 La. 973, 123 So. 644 and Succession of Feitel, 187 La. 596, 175 So. 72, it was shown that the parties attacking the wills could not have benefit-

ed even if the judgments of probate had been annulled. Succession of Rice, 147 La. 834, 86 So. 282, is clearly distinguishable. There, an attorney employed by the testator's brother to oppose the probate of the will was given a 50% contingent fee contract for his services. After the opposition was filed, the opponent discontinued it without the consent of the attorney and the court held that, notwithstanding that the contract was valid, the attorney could not continue the suit in his own name since the parties to the employment contract had not stipulated, as permitted by Act 124 of 1906, that neither the attorney nor the client should have the right to compromise, release or discontinue the suit without the consent of the other.

courthouse (about two or three blocks away from the office of the deceased) where Mr. Sullivan, the Clerk of Court and ex officio Notary Public, affixed his signature in the presence of the testator and Mr. Sibley, one of the witnesses.

Accordingly, since the mandatory provisions of the statute were not followed, the will is invalid and the judgment probating it was properly vacated.

The judgment appealed from is affirmed.

PONDER, J., recused.