JOE R. VIDRINE, Judge.
Decedent, Gilbert Pizani, wrote a nuncu-pative will by public act before Waverly A. Henning, Notary Public, on November 11, 1949. Said decedent executed a codicil thereto before the same notary on March 3, 1954, which codicil was also in nuncupa-tive form by public act. The decedent, Gilbert Pizani, departed this life on April 19, 1959. Thereafter, a petition was filed by Mrs. Doraline Adam the executrix named in the nuncupative will to have the same registered and executed in the Twenty-fourth Judicial District Court for the Parish of Jefferson, which order was rendered on December 4, 1959, in the succession proceeding. Thereafter, one of the daughters of the decedent filed a petition to set aside the order of December 4, 1959, on the grounds that the nuncupative will and the codicil thereto were absolute nullities on their face.
After hearing, the trial court held that the Last Will and Testament as well as the codicil were null and void and of no effect and recalled the orders which ordered the Testament and Codicil to be registered and executed. It is from .this judgment that the executrix appealed.
The executrix has since died. Mr. Earl Gilbert Pizani has been made provisional *17 administrator and by order of this court, is a party to these proceedings in the place and stead of Mrs. Doraline Adam, widow of Gilbert Pizani.
This matter involves the validity of a nuncupative will by public act and the codicil thereto, each of which was witnessed by only three witnesses, which on their face recite that they were dictated by the testator, written by the notary as dictated, but do not indicate that they were read to the testator in the presence of the witnesses. Article 1578 of the LSA-Civil Code provides as follows :
“The nuncupative testaments by public act must be received by a notary public, in presence of three witnesses residing in the place where the will is executed, or of five witnesses not residing in the place.
“This testament must be dictated by the testator, and written by the notary as it is dictated.
“It must then be read to the testator in the presence of the witnesses.
“Express mention is made of the whole, observing that all those formalities must be fulfilled at one time, without interruption, and without turning aside to other acts.”
It is conceded by the appellant that the jurisprudence, as it stands today, supports the holding of the trial court. As was stated in the Succession of Sparks, 12 Rob. 35 (1845), the Supreme Court of Louisiana stated:
“It is one of the essential requisites of the law with regard to the form of a nuncupative testament by public act, that it should be read to the testator in presence of the witnesses, and that express mention should be made therein of the manner in which the formalities, upon which its validity depends, have been fulfilled. Civ.Code, Art. 1571. Those formalities must be observed, and the noncompliance with any one of them is sufficient to invalidate it. Civil Code Art. 1588. Now, can it be even inferred from the declaration of the notary here, that the will of Mrs. Sparks was read to her in the presence of the three witnesses who attended its execution? The notary declares, that it was dictated to him, in the presence of the witnesses; that it was written by himself, without interruption, and without turning aside to other acts; but he only states that he read the act to the testatrix, who declared that she understood it, and approved it in all its contents. This is dearly insufficient. He should have made express mention of the fact that the testament was read to the testatrix in presence of the witnesses; as, although such fact may exist, and it might be in the power of the party to establish it by parol testimony, it is a well settled doctrine, that a testament must bear on its face the evidence of a strict compliance with the legal formalities, and that no parol proof can be admitted to show that such formalities, not apparent from the instrument itself, have been really fulfilled. LeBlanc v. Baras’ Heirs, 16 La. 80.
“We conclude, therefore, that the testament under consideration, is not in a sufficient legal form, to have effect as a nuncupative will by public act, and that the Judge, a quo, erred in ordering it to be carried into execution as such.”
However, the appellant argues that this court should overrule that case for the reason that LSA-C.C. Art. 1578, while it requires that the testament “must then be read to the testator in presence of the witnesses”, that there is no codal authority for the requirement that the document itself must state that it was so dictated and that it was so read.
He further argues that in numerous cases the courts have allowed parol evidence to invalidate wills which were valid on their face. Thus, appellant argues that *18 there is no real reason not to allow parol evidence to validate a will which on its face is not valid. This argument was advanced by appellant during the trial of this case and because of this argument, the trial court permitted the notary, over the objection of appellee, to testify to the effect that he had read the will to the testatrix in the presence of the witnesses. This evidence was strictly inadmissible. LeBlanc v. Baras’ Heirs, 16 La. 80. This is so because a Louisiana nuncupative testament by public act makes full proof of itself. Succession of Sparks, supra, is in point, and we are constrained to follow its strict holding.
It can be stated that this court was impressed with the complete understanding by all parties involved in this case that no1 fraud or deceit should be implied in this matter. As counsel for appellee stated, this is strictly a point of law which has prevailed for many years.
For these reasons, the judgment of the trial court is affirmed.
Affirmed.