KALISTE J. SALOOM, Jr., Judge Pro Tern.
This is an action by the appellant, Eunice Elsie Ruppert (hereafter Elsie), the widow and executrix of the estate of Lewis C. Ruppert. She seeks to annul certain inter vivos donations for want of form.
FACTS
Lewis C. Ruppert executed an instrument on September 18, 1980, purporting to donate certain properties in Acadia Parish to his brothers, John R. Ruppert and Matthew Ruppert, and his nephew, John Richard Ruppert (hereafter Richard). The documents were prepared by and executed at the offices of the late Nolan Edwards. The executrix alleges that these donations were not in authentic form for two reasons. First, the executrix claims that alterations made to the document after the parties, witnesses and notary had signed it make it invalid. Second, the executrix claims that either or both of the witnesses who signed the document were not present when the parties signed.
The original donation was signed by the parties, notarized and attested to by the witnesses. Afterwards, the description of the land donated to Matthew Ruppert was changed to reflect the current owners of the adjoining land. By comparing the document which was altered with a copy of the original, it is apparent that the alteration was accomplished by “whiting” out certain adjoining property owners names and inserting the current names. None of the margins were changed. The second alteration was a paragraph which was added to the donation to Richard Ruppert. In the *159 original donation Lewis Ruppert donated a certain tract of land “Save and Except” a ten acre portion where the donor lived. After the document was signed, a paragraph was added which “reserved” the same ten acres for the balance of Lewis Ruppert’s and Elsie Whittaker’s (later Elsie Ruppert by marriage to Lewis) lives. Exhibits were also introduced. These included the altered document (which was recorded), a copy of the original and an “Act of Correction” which purported to correct the altered donation to Richard by deleting the paragraph which was added. The trial court also heard how Lewis Ruppert further displayed his intent to donate this land to his brothers and nephew in his last will and testament wherein he granted the mineral royalties which he had reserved in the donation to each donee respectively. Furthermore, Lewis bequeathed the ten acres of land to his wife in full ownership.
The trial court also heard testimony from each of the donees, the two witnesses and Elsie concerning the signing of the document. The court questioned the witnesses and had each make a drawing showing where in the room each person was located. The testimony of John Ruppert, Richard Ruppert and Sallie Chapuis, one of the witnesses, was to the effect that all of the parties and witnesses were present at the time the document was signed. Deborah Landry, the other witness, testified that she does not remember this donation or the donees who were present in court. Matthew Ruppert testified that the document was read to the parties by Mr. Edwards and that the witnesses were not present at this time.
After considering the facts in this case, the trial court ruled that there was a valid donation based on the unaltered copy. He declared the altered version null for want of form. Finally, the trial court ruled that the preponderance of the evidence was that the witnesses were present at the time the document was signed. Therefore, the trial court upheld the validity of the original donation and ordered that it be recorded.
LAW
LSA-C.C. art. 1536 requires that donations inter vivos of immovable and incorporeal property be made before a notary and two witnesses. LSA-C.C. art. 1833 (formerly 2234) makes the same requirements for an authentic act, an act which is self-proving under LSA-C.C. art. 1835. In order to be authentic, an act must appear on its face to have been executed in the manner required by law. Ducote v. Ducote, 442 So.2d 1299 (La.App.3d Cir.1983), writ denied, 445 So.2d 439 (La.1984).
In the present case, all of the parties agree that a document was signed by the donor, the donees, a notary and two witnesses. The burden of proof is on a party who seeks to prove the facts giving rise to an alleged nullity of a donation by a preponderance of the evidence. LSA-C.C. art. 1831. The executrix has failed to carry this burden.
The trial court was presented with the affirmative testimony of John Ruppert, Richard Ruppert and Sallie Cha-puis that the witnesses were present when the document was signed. The Notary, Nolan Edwards, was deceased at the time of this suit. The other witness does not remember this transaction. The only testimony given to negate the validity of the donation was that of Matthew Ruppert. He stated that the donation was read and the witnesses were not present at that time. However, as noted by the Louisiana Supreme Court in Tweedel v. Brasseaux, 433 So.2d 133 (La.1983), “there is no legal requirement that the notary read the instruments; certainly there is no requirement that the witnesses read the instrument.” To be an authentic act, the notary and both witnesses must be present to witness the contracting parties’ signatures. Brumfield v. Brumfield, 457 So.2d 763 (La.App. 1st Cir.1984). There was no evidence presented to the trial court that the witnesses were not present when the document was signed. Therefore, the executrix has failed to meet her burden of proof on this issue.
The other assignment of error by the executrix is that the donation is invalid *160 due to the alterations. We disagree. Upon execution of the act of donation evidenced by the signatures of the parties, the notary and the witnesses, a valid donation was completed and accepted. Any subsequent changes to the document did not invalidate this completed donation. See Succession of Pope, 230 La. 1049, 89 So.2d 894 (1956). Therefore, the trial court was correct in ruling that the original document, as evidenced by the copy of the original and which all parties agree was the original signed document, was the agreement between the parties and their heirs. LSA-C.C. art. 1835.
The copy of the original donation is the best evidence available and it represents the act of donation as agreed upon among the parties. The recorded document which had been previously altered neither reflected the donation as originally made nor were the alterations in authentic form. This document if not clearly null was invalid at least to the extent of the alterations made after its execution. See McGinty v. McGinty, 195 La. 328, 196 So. 548 (1940); Lacour v. Crais, 367 So.2d 1203 (La.App. 4th Cir.1978), writ denied, 369 So.2d 141 (La.1979). There is no need to consider the juridical effect of the subsequent act of correction of the altered document other than to observe it sought to restore and ratify the original act of donation.
Based on our review of the facts in this case, we cannot say that the trial court was clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons, we affirm the judgment of the trial court in all respects. Costs of this appeal are assessed to appellant, Elsie Whittaker Ruppert.
AFFIRMED.