601 So.2d 10 (1992)
SUCCESSION OF Lula Courville DAIGLE.
Preston DAIGLE, et al., Plaintiffs-Appellees,
v.
Charmaine Grinnell NOEL, Defendant-Appellant.
No. 90-1274.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
Peter A. Landry, Lafayette, for Noel.
Chappuis & Beslin, Denald A. Beslin, Rayne, for Daigle.
Before GUIDRY and STOKER, JJ., and PATIN, J. Pro Tem.
GUIDRY, Judge.
This appeal concerns the validity of a last will and testament executed by the decedent, Lula Courville Daigle. The decedent's four grandchildren, Rayland Noel, Randell Noel, Betina Noel Viator and Michael Noel, along with her surviving husband, Preston Daigle, instituted this action to have her testament declared invalid. Their action is opposed by defendant, Charmaine Grinnell Noel, widow of the testatrix's predeceased son, Wilbert. Charmaine *11 is named, in the will, as a legatee to an undivided one-half interest of "all of the rest and residue of the property, real and personal, of which I die possessed ...". The bequest to Charmaine is made subject to a usufruct over the described property in favor of Lula's husband, Preston Daigle. Following a hearing, the trial court ruled that the testament was invalid because it was not executed in accordance with the formalities required by La.R.S. 9:2442. Accordingly, judgment was rendered declaring the testament a nullity. Charmaine appealed. We affirm.
While none of the familial background was established at trial, the briefs of the parties and the pleadings reflect the following. The testatrix, Lula Courville Daigle, was married first to Edwin Noel on February 3, 1934. Of this marriage, two children were born, Wilbert Noel and Wilfred Noel. Lula and Edwin Noel were divorced on January 10, 1952. Wilbert married the defendant herein, Charmaine Grinnell Noel, and Wilfred married Doris Badon. Wilbert and Charmaine had no children. However, Wilfred and Doris had four children, namely, Rayland, Randell, Betina and Michael. After her divorce from Edwin Noel, Lula married Preston Daigle on April 27, 1953. No children were born of this marriage. Lula died on January 1, 1989.
The record reflects that the will in question was drafted by Lula's son, Wilbert Noel, an attorney practicing in New Orleans. Wilbert forwarded the will to his mother in Lafayette, where it was apparently executed before a notary, Sidney Touchet, and two witnesses, Davis Castille and Maxine Bourgoyne. The dispositions and the accompanying attestation clause are dated August 1, 1981, however, above the Notary's signature appears the date, October 7, 1983. The signatures of the testatrix, the witnesses and the Notary appear as follows:

*12 The will was recorded in the Lafayette Parish conveyance records on October 22, 1987.
On May 25, 1989, plaintiffs filed the instant action urging that Lula Daigle's will is invalid because it was signed by the testatrix and the two witnesses on August 1, 1981, and by the notary on October 7, 1983, a violation of the formality requirements of La.R.S. 9:2442. In addition, plaintiffs urged that the will was invalid because it did not meet the requirements of any other testamentary form recognized by Louisiana law. The trial court took the matter under advisement without conducting an evidentiary hearing.
On August 4, 1989, the defendant filed a motion for an evidentiary hearing for purposes of allowing the notary, Sidney Touchet, to testify concerning the circumstances surrounding the execution of the decedent's testament. On August 22, 1989, plaintiffs amended their original rule to urge, as an additional basis for the testament's invalidity, that the attesting witnesses were not present when the testatrix signed the will, nor was the testatrix present when the witnesses signed the attestation clause.
Following the evidentiary hearing, the trial judge, by oral minute entry, concluded as follows: "... it is more probable than not that the witnesses to the testament ... were not present at the time that the testatrix signed the same, ... hence the testament is declared to be invalid". Defendant, Charmaine Noel, appeals urging that the trial court erred in its factual determination and in its conclusion that Lula's will is invalid.
La.R.S. 9:2442(B) provides:
"B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: "The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this ______ day of __________, 19__" "
In Succession of Brown, 458 So.2d 140 (La.App. 1st Cir.1984), our brethren of the First Circuit interpreted the requirements of a statutory will as follows:
"La.R.S. 9:2442(B) provides that a statutory will shall be executed in a certain manner. The word `shall' is mandatory. La.R.S. 1:3. Cf. La.C.C.P. art. 5053; La. C.Cr.P. art. 5; La.C.J.P. art. 4. To properly execute a statutory will the following things must be done: (1) in the presence of a notary and two competent witnesses, the testator shall declare that the instrument is his last will; (2) in the presence of a notary and two competent witnesses, the testator shall sign his name at the end of the will and on each page thereof (in the instant case the will is only one page); and (3) in the presence of the testator and each other, the notary and the witnesses shall sign the attestation clause set forth in the statute or one substantially similar.
[5] The purpose of an attestation clause is to show the will was executed in conformity with the statute. The attestation clause set forth in the statute, La.R.S. 9:2442(B)(2), requires the notary and witnesses to declare (1) the testator signed the will at its end and on each separate page, (2) the testator declared in the presence of the notary and witnesses that it (the instrument) was his will, and (3) in the presence of the testator and each other, they (the notary and witnesses) signed their names on a specified date."
Brown, at 142-143.
Louisiana Law recognizes a presumption in favor of the validity of testaments *13 in general and proof of the nonobservance of formalities must be exceptionally compelling to rebut that presumption. In will contest cases, the factual findings of the trial court are accorded great weight and will not be disturbed on appeal absent a finding of manifest error. Succession of Thibodeaux, 527 So.2d 559 (La.App. 3rd Cir.1988), writ denied, 532 So.2d 151 (La. 1988).
A complete review of the record results in the conclusion that the trial court factual findings are not clearly wrong. Preston Daigle testified that he did not meet Davis Castille, one of the purported witnesses, until two or three weeks prior to the evidentiary hearing in 1989. He stated that neither Castille nor Bourgoyne were present at Touchet's home when Lula signed the will. According to Daigle, Lula signed her will in the presence of Touchet at the latter's home, however, Touchet alone then brought the will to the witnesses' respective homes where Castille and Bourgoyne signed the will outside of the presence of the testatrix. Daigle also recollected that the will was notarized and witnessed in October of 1983 and that he had no knowledge of who dated the dispositions and attestation clause as August 1, 1981.
Davis Castille, Touchet's neighbor, recognized his signature on a copy of the will but was unable to recall whether he signed at his home or at Touchet's home. He did not recall having met Preston Daigle prior to a few weeks before the hearing but left open the possibility that he may have met Daigle on the date the will was executed. He simply did not recollect the circumstances of the signing. Additionally, Castille testified that he had witnessed other documents for Touchet by his signature outside the presence of the parties to the instrument and without actually having witnessed their signature.
Sidney Touchet, the notary public, also testified. He recognized his signature but also related several handwriting discrepancies in the handwritten subscription that appeared above his signature. Touchet stated that the language of the subscription was different from the language he usually employs. While Touchet also did not have an independent recollection of the signing of the will, he stated that it is his policy to always have witnesses present for the party's signature and have witnesses sign in the presence of the parties. In addition, he never pre-dated or post-dated a document and had no idea how or by whom the handwritten subscription was placed above his signature.
A witness to a will is not, in fact, expected to have a complete and independent recollection of every event that occurred at the signing of the will. Succession of Thibodeaux, supra; Succession of Caprito v. Mayhew, 478 So.2d 243 (La.App. 3rd Cir.1985), writ denied, 481 So.2d 1331 (La.1986).
While it is clear that Castille and Touchet did not remember specifically what occurred, the record supports the trial court's finding that the purported witnesses did not actually witness the testatrix's signature nor did they sign in the presence of the notary, the testatrix, and each other. The testimony of Daigle, who specifically remembered the event, and Castille, who had no independent recollection but did state that he had signed as a witness for Touchet in the past outside the presence of the party to an instrument, was sufficient to establish this fact. While the testimony was in conflict with the testimony of Touchet, the resolution of conflicting testimony by reasonable evaluations of credibility is within the great discretion of the trial court and will not be overturned on appeal absent a showing of manifest error. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong". Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). This finding of fact is not clearly wrong.
In Succession of Pope, 230 La. 1049, 89 So.2d 894 (La.1956)[1], a case involving a *14 similar set of circumstances, our Supreme Court reasoned as follows:
"... Act 66 of 1952 provides that the testator must sign the will in the presence of the notary and both witnesses and signify to them that the instrument is his will; that the notary and both witnesses must sign at the end of the will in the presence of the testator and in the presence of each other. Although the will recites that the testator, notary and witnesses pursued the prescribed procedure, the evidence offered by proponents revealed that the will was confected by Mr. Pope in his office and was there signed by him in the presence of the two witnesses and that, thereafter, Mr. Pope and one of the witnesses repaired to the courthouse (about two or three blocks away from the office of the deceased) where Mr. Sullivan, the Clerk of Court and ex officio Notary Public, affixed his signature in the presence of the testator and Mr. Sibley, one of the witnesses.
Accordingly, since the mandatory provisions of the statute were not followed, the will is invalid and the judgment probating it was properly vacated."
Clearly, the failure of the notary, witnesses, and testatrix to follow the formal mandates of La.R.S. 9:2442 in the case sub judice invalidated the will. The trial court was correct in this conclusion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are to be borne by defendant, Charmaine Grinnell Noel.
AFFIRMED.
NOTES
[1] We recognize that this case was expressly overruled by the Supreme Court in Succession of Jenkins, 481 So.2d 607 (La.1986). However, the court overruled Pope only insofar as it held that the testamentary appointment of an attorney to represent the estate was binding upon the executor and those who took under the will. The passage cited herein dealing with the proper exercise of formalities while executing a statutory will was not overturned by the Supreme Court in the Jenkins case.