692 So.2d 1149 (1997)
Succession of Burnell YOUNG
Freeman D. YOUNG, Sr., et al., Opponents-Appellees,
v.
Martha Hopkins YOUNG, Proponent-Appellant.
No. 96-1206.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
*1150 Richard E. Lee, Pineville, for Freeman D. Young, Sr.
Bridgett Brown, Alexandria, for Martha Hopkins Young.
Before DECUIR, AMY and SULLIVAN, JJ.
DECUIR, Judge.
This is an appeal from a judgment finding that a testator lacked the capacity to execute a statutory will and invalidating the testament.

FACTS
This case involves the validity of the last will and testament of Burnell Young, which was executed on August 17, 1995. The statutory will in question is purportedly in compliance with La.R.S. 9:2442. The proponent of the testament, and appellant, is Martha Hopkins Young. Freeman Young, Sr. and Clara Young Williams are the opponents to the testament and appellees herein.
Burnell Young died on December 18, 1995. The will was probated, and Martha Young was recognized as the sole legatee under the testament and was placed in possession of and made owner of all the deceased's property by judgment dated March 5, 1996.
Clara and Freeman filed a petition to annul the probated testament alleging that the will was invalid due to the fact that the deceased could not read. After a trial on the merits, the trial judge found that Clara and Freeman had proved "beyond a reasonable doubt" that Burnell Young could not read and, therefore, the will was invalid. The judgment was dated May 28, 1996.
On June 19, 1996, Martha Young filed a motion for new trial. After hearing argument, the trial court denied the motion for new trial based on the fact that it was untimely. Martha Young lodged this appeal.

VALIDITY OF TESTAMENT
By her first assignment, Martha Young alleges that the trial court committed manifest error by finding Burnell Young's last will and testament of August 17, 1995, invalid. Martha Young argues primarily that Freeman and Carla failed to prove that Burnell Young could not read.
The capacity to make a will is tested at the time the will is made. La.Civ.Code art. 1471; Succession of Caprito v. Mayhew, 478 So.2d 243 (La.App. 3 Cir.1985), writ denied, 481 So.2d 1331 (La.1986). One of the requirements for a statutory will established in La.R.S. 9:2442 is that the testator must be physically able to read at the time the testament is executed. Naquin v. Hile, 536 So.2d 676 (La.App. 3 Cir.1988). A testator's ability to read is an element of testamentary capacity. Succession of Fletcher, 94-1426 (La.App. 3 Cir. 4/5/95); 653 So.2d 119, writ denied, 95-1105 (La.6/16/95); 655 So.2d 338. A party is presumed to have testamentary capacity, and the opponent must put forth clear and convincing evidence of incapacity in order to defeat this presumption. Succession of Lyons, 452 So.2d 1161 (La.1984); Fletcher, 653 So.2d 119; Succession of Duboin, 94-446 (La.App. 3 Cir. 11/2/94); 649 So.2d 617; Naquin, 536 So.2d 676; Succession of Ellis, 486 So.2d 260 (La.App. 3 Cir. 1986); Caprito, 478 So.2d 243.
Martha Young argues that the appropriate standard is proof beyond a reasonable doubt. In taking this position, she relies on Succession of Mack, 535 So.2d 461 (La.App. 4 Cir. 1988), writ denied, 539 So.2d 633 (La.1989), cited in brief as a case of this court, and the trial judge's reference to the "beyond a reasonable doubt" standard in his reasons for judgment. As we have noted, this is incorrect.
Prior to the supreme court's decision in Succession of Lyons, this court and our *1151 brethren on the other courts of appeal had applied the beyond a reasonable doubt standard. However, since Succession of Lyons this court has consistently applied the clear and convincing standard. Succession of Mack, cited by appellant, holds otherwise, but as we have noted, it is a fourth circuit case and is not binding authority for this court. Accordingly, we find the clear and convincing standard of Succession of Lyons and the cited cases from this court controlling.
Generally, the clear and convincing evidence standard requires more than a "preponderance of the evidence" but less than "beyond a reasonable doubt." Lyons, 452 So.2d 1161. The existence of the disputed fact must be highly probable, that is much more probable than its non-existence. Id. This standard of proof is usually reserved for cases where strong policy considerations mitigate against the use of the preponderance of the evidence standard. Id. This is just such a case. As the court stated in Kingsbury v. Whitaker, 32 La.Ann. 1055 Id. at 1062-1063:
To wrest a man's property from the person to whom he has given it, and to divert it to others from whom he has desired to withhold it, is a most violent injustice, amounting to nothing less than post mortem robbery, which no court should sanction, unless thoroughly satisfied ... that the testator was legally incapable to make a will.
The trial court in this case found that Freeman and Carla had met this burden of proof and established that Burnell Young could not read and therefore, was legally incapable of making a statutory will. Whether a testator can read is a question of fact. Fletcher, 653 So.2d 119. Absent manifest error, the trial court's finding will not be overturned on appeal. Succession of Daigle, 601 So.2d 10 (La.App. 3 Cir.1992).
In the case before us, the trial court was forced to evaluate conflicting testimony. At least six individuals testified unequivocally that they knew from personal knowledge that Burnell Young could not read. Several testified that they had been called upon to read for Burnell or to handle transactions for him. Four individuals testified that they were under the impression that Burnell could read. The transportation director for the school board, where Burnell worked as a bus driver prior to retirement, testified that bus drivers had to be able to read. He did not state that he had personal knowledge that Burnell Young could read. The funeral director testified that he handed Burnell documents which he signed after looking at them. He did not hear Burnell read and testified only to having the impression that Burnell had read the documents. The attorney who prepared the will in question testified that Burnell could read and did read the will. However, on cross examination he indicated that he had read the will aloud while Burnell followed along on his own copy. Finally, Martha Young, the decedent's wife of three months, testified that Burnell could read. She based her assertion on personal observation.
The trial court found that Carla and Freeman had met their burden of proving that Burnell Young could not read at the time the will was executed. Resolution of conflicts in testimony and credibility determinations in succession proceedings are within the province of the trial court. Fletcher, 653 So.2d 119. As such, they may not be overturned on appeal unless manifestly erroneous or clearly wrong. Daigle, 601 So.2d 10. Our review of the record fails to demonstrate that the trial court's determination that Burnell Young did not execute a valid statutory will because he could not read was clearly wrong. Despite loose language regarding the appropriate burden of proof it is evident to this court that the trial court found that Clara and Freeman proved Burnell's inability to read by clear and convincing evidence. Accordingly, we find no error in the trial court's determination.

DENIAL OF MOTION FOR NEW TRIAL
By this assignment, Martha Young alleges that the trial court erred in failing to grant her motion for new trial. We disagree. It is clear from the record that the motion was not timely filed and was properly denied on those grounds. In any event, we have determined that the judgment is not contrary *1152 to the law or evidence. Furthermore, appellant presented no new evidence in support of her motion nor did she allege jury misconduct or tampering. Accordingly, there were no grounds for new trial under La.Code Civ.P. art.1972. The motion was properly denied.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellant, Martha Hopkins Young.
AFFIRMED.