# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 03-1233

**SUCCESSION OF NELLIE JOHNSON FRUGE YOUNG**

************

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NO. 03-P-0792,
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

************

# MICHAEL G. SULLIVAN
# JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and Glenn B. Gremillion,
Judges.

**AFFIRMED.**

Adam Gerard Caswell
Attorney at Law
Post Office Box 1600
Eunice, Louisiana   70535
(337) 457-7378
Counsel for Appellee:
        Lisa A. Fruge

Marcus L. Fontenot
Attorney at Law
Post Office Box 528
Ville Platte, Louisiana  70586
(337) 363-6661
Counsel for Appellant:
        Drucella Harper

SULLIVAN, Judge.

Drucella Harper appeals the trial court's denial of her motion to annul the probated testament of her mother, Nellie Young. We affirm.

### *Facts*

On October 2, 2001, Nellie Young executed a Last Will and Testament in notarial form, leaving all of her property to her daughter, Lisa A. Fruge. She died on November 5, 2001. Drucella and Lisa are two of Mrs. Young's four living children. In February 2003, Drucella filed a petition for appointment of administratrix, alleging that her mother died intestate and seeking to be appointed administratrix of her estate. Lisa then probated Mrs. Young's will. Thereafter, Drucella filed a motion to annul the probated testament, asserting it was invalid because Mrs. Young could not physically read when she executed the will and the will was not executed in the form required by La.Civ.Code art. 1579, which provides the form for testators who cannot read.

After a hearing on the motion to annul, the trial court determined that Drucella failed to prove by clear and convincing evidence that Mrs. Young could not physically read when she executed her will. Drucella appeals.

### *Discussion*

Mrs. Young's will was executed pursuant to La.Civ.Code art. 1577, which requires that the testator know how to sign her name and to read and be physically able to do both. As noted above, Drucella contends that the will should have been executed in the form provided in La.Civ.Code art. 1579 because her mother no longer had the physical ability to read.

The proponent of a testament must prove the authenticity and statutory compliance of the testament. La.Code Civ.P. art. 2903. The testator's ability to read is an element of testamentary capacity, not of authenticity or formality. La.Civ.Code

art. 1577; *Succession of Young*, 96-1206 (La.App. 3 Cir. 3/5/97), 692 So.2d 1149. Testamentary capacity is presumed, and the opponent bears the burden of proving by clear and convincing evidence that the testator did not have such capacity. *Succession of Lyons*, 452 So.2d 1161 (La.1984). To satisfy the clear and convincing standard, the evidence must show "the existence of the disputed fact [is] highly probable, that is, much more probable than its non-existence." *Succession of Bartie*, 472 So.2d 578, 582 (La.1985).

"Whether a testator can read is a question of fact. Absent manifest error, the trial court's finding will not be overturned on appeal." *Succession of Fletcher*, 94-1426, p. 4 (La.App. 3 Cir. 4/5/95), 653 So.2d 119, 121 (citations omitted), *writ denied*, 95-1105 (La. 6/16/95), 655 So.2d 338.

It is not disputed that Mrs. Young knew how to read. The dispute is whether her medical conditions of diabetes, high blood pressure, and high cholesterol resulted in her physically being unable to read. Dr. R. V. Christian, an optometrist, who had examined Mrs. Young but was not her treating physician, testified that these three conditions are very detrimental to eyesight. He reviewed records he had received from Mrs. Young's eye doctors and testified that her eye sight was very poor, 20/200 in June 2001. However, he admitted that her eyesight fluctuated, having been measured 20/200, 20/150, 20/80, and 20/300 at different times. Also, as the trial judge noted, Dr. Christian would not state that it was impossible for her to read her will as written, explaining that she would have had to have some type of magnifier to do so.

Drucella testified that she had not seen her mother for approximately one and one-half years prior to her death. She and her son testified that Mrs. Young had told them on occasion that she could not see well enough to read and that sometimes she

2

needed assistance walking because she could not see. Her son also testified that he gave Mrs. Young a Valentine in February 2001 and that she told him she could not read it. Lisa testified that Mrs. Young could read and checked her own bank statements. Mrs. Young's hairdresser, Judy Reed, testified that Mrs. Young wrote her a check almost every week when she styled her hair. A copy of a check that Mrs. Young had written to her one week after she executed her will was introduced into evidence. The attorney who drafted the will and his office personnel who witnessed Mrs. Young's execution of the will testified that Mrs. Young appeared to follow along as he read her will out loud.

The trial court thoroughly reviewed the evidence and the jurisprudence on this issue, concluding Drucella did not carry her burden of proof:

> "I . . . find that number one, she was able to read. She knew how to read. By the only expert testimony received Dr. Christian stated that it was not impossible with magnification devices, television or otherwise that she could read. Article 1579 of this Civil Code says, "When a testator does not know how to read or is physically impaired to the extent that he cannot read . . .", doesn't say that he has to read the will, it says she has to be able to read. You couple that requirement legally with – I make a fact finding that she was capable of reading. Due to the fluctuations in her eyesight, it has not been proven by clear and convincing evidence that she was unable to read on the date in question. I take into consideration further the testimony of Mr. Caswell, his two secretaries and in particular Ms. Judith Reed and the check written October 9, 2001. So with that I'm going to deny the Motion to Annul the Probated Testament.

This case is very similar to the case of *Naquin v. Hile*, 536 So.2d 676 (La.App. 3 Cir. 1988), where the deceased's eyesight was also 20/200. Much of the testimony regarding the deceased's daily activities and abilities was similar to the testimony in this case. A panel of this court noted the conflict between the expert testimony that the deceased could not have read the will she executed and the lay testimony that the deceased often appeared to be reading her prayer book or mail and upheld the trial

court's conclusion that the plaintiff did not prove by clear and convincing evidence that the deceased was unable to read.

We have reviewed the record and find nothing which demonstrates that the trial court's determination that Mrs. Young could physically read at the time she executed her will is manifestly erroneous. Accordingly, we cannot disturb its decision *Stobart v. State, Through Dep't of Transp. and Dev*., 617 So.2d 880 (La.1993).

The judgment of the trial court is affirmed. All costs of this appeal are assessed to Drucella Harper.

**AFFIRMED.**